UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-168 (WMW/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MONTEZ TERRIEL LEE, JR.,<br><br>　　　　　Defendant. | **GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS** |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Thomas Calhoun-Lopez, Assistant United States Attorney, hereby submits its consolidated response to the Defendant's various pretrial motions.

## 1. Motion for Discovery of Expert Under Rule 16(a)(1)(G) (Document No. 17).

The United States is aware of its obligations under Rule 16(a)(1)(F) and (G) and intends to comply fully with the requirements of those rules.

Regarding the timing of such disclosures, the United States respectfully requests that the Court order that all Rule 16(a)(1)(G) disclosures be made no later than two weeks before trial. *See United States v. Finn*, 919 F. Supp. 1305, 1316 n.7 (D. Minn. 1995) (ordering Government to make Rule 16(a)(1)(G) disclosures as opinions become available and no later than seven days before trial and rejecting defendant's request that such disclosures be made at least 45 days prior to trial). Such a timing requirement allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-

examination of the expert. *See* Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

2. **Motion for Early Disclosure of Jencks Act Material (Document No. 18).**

The United States objects to this motion. It has been repeatedly and consistently held in this Circuit and District that the United States may not be required to make pretrial disclosure of Jencks material. *United States v. Finn*, 919 F. Supp. 1305, 1315 n.3 (D. Minn. 1995); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Accordingly, the United States objects to any court-ordered disclosure of such statements prior to the witnesses' testimony. Notwithstanding the above, the United States has turned over all Jencks Act materials in its possession, and agrees to provide any material it subsequently receives not later than three days prior to trial.

3. **Motion to Suppress Evidence (Document No. 19).**

The United States opposes this motion. The Defendant was arrested on June 15, 2020, pursuant to a federal arrest warrant issued in the District of Minnesota. The warrant was duly authorized and supported by probable cause. The United States intends to offer at the motions hearing a copy of the arrest warrant, complaint, and affidavit, for a four-corners review. The United States does not intend to offer testimony on this issue.

4. **Motion for Discovery and Inspection (Document No. 20).**

The United States does not object to this motion insofar as it seeks items that fall within the ambit of Federal Rule of Evidence 16. The United States has already complied with Rule 16 and will continue to do so.

The United States, however, does object to the motion insofar as it seeks items that

fall outside the ambit of Rule 16. There is no general constitutional right to discovery in a criminal case. *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). A criminal defendant must point to either a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government. *Id.*

**5.     Motion for Disclosure of 404(b) Evidence (Document No. 21).**

The United States is aware of its obligation under Federal Rule of Evidence 404(b) and will fully comply with those obligations. The issue before the Court on this matter is when disclosures under Rule 404(b) must be made.

With respect to the request for the "immediate" disclosure, Rule 404(b) does not require the immediate disclosure of such evidence. Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments ("Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request will depend largely on the circumstances on each case"). Although the United States intends to produce all such evidence as soon as practicable, the United States objects to the timing element of this request because it will lead to motions to suppress of later discovered 404(b) evidence. The United States agrees to disclose all such evidence at least two weeks prior to trial.

Finally, the United States requests that the order be strictly drawn to require no more than what is encompassed by Rule 404(b). Specifically, Rule 404(b) does not encompass acts which are "intrinsic" to the charged offense. Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of the defendant is an "intrinsic" part of any of the

charged offense but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one as the defendant may claim that the United States must give notice of every "bad act" it intends to introduce, which is not so. *United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

6. **Motion to Preserve Rough Notes (Document No. 22).**

The United States does not object to requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes. However, the United States objects to any order concerning the disclosure of rough notes. Rough notes are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes were not a statement of witness as there was no evidence witness signed, adopted, or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as "statements" of the agent. *See United States v. Simtob*, 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover testifying agent's destroyed rough notes of investigation as Jencks Act material when merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

**7.     Motion for *Giglio* Materials (Document No. 23).**

The United States is aware of its obligations under *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963), and their progeny.   The United States will fully comply with these obligations.   The United States objects to the Defendant's motion to the extent that its requests go beyond the requirements of *Giglio*, *Brady*, and their progeny.

**8.     Motion for Attorney-Conducted Voir Dire (Document No. 24).**

 Because jury voir dire is an aspect of trial procedure and management, these motions should be addressed directly to the District Court.

**9.     Motion for Bill of Particulars (Document No. 25).**

The United States opposes this motion.   The charge is properly set forth in the Indictment, which provides sufficient notice to the Defendant to understand the charge and prepare his defense.   The Defendant's request should be addressed through discovery, which the United States has provided.

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."   The indictment is sufficient if it 1) contains "the elements of the offense charged and fairly informs a defendant of the charge against which he must defendant;" and 2) enables the defendant to "plead an acquittal of conviction in bar of future prosecutions of the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).   *See also United States v. Fleming*, 8 F.3d 1264 (8th Cir. 1993).

It is not the purpose of a bill of particulars to provide the defendant with evidentiary

detail or discovery regarding the Government's case. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir.), cert. denied, 442 U.S. 919 (1979). Rather, the purpose of a bill of particulars is "to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *United States v. Livingston*, 576 F.3d 881, 883 (8th Cir. 2009).

In this case, the Indictment outlines that the Defendant is charged with damaging and destroying the a building used in interstate commerce by fire and explosives materials. The Indictment provides the date of the crime, and the address of the building. The Indictment therefore complies with Fed. R. Crim. P. 7(c) and enables the Defendant to prepare for trial and avoid the danger of surprise.

A bill of particulars "is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011). The Defendant's motion should therefore be denied.

**10.**     **Motion to Dismiss Indictment (Document No. 26).**

The United States opposes this motion. The Defendant is charged with a violation of 18 U.S.C. § 844(i), which establishes punishment for anyone who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire *or* an explosive, any building . . . used in interstate or foreign commerce" (emphasis added). The statute therefore specifies two ways in which the crime can be committed: destroying the building by fire or by explosive. *Id.* "Where a statute specifies two or more ways in which an

6

offense may be committed . . . all may be alleged in the conjunctive ine one count of the indictment, and proof of any one of the acts conjunctively charged may establish guilt." *United States v. Mohr*, 728 F.2d 1132, 1135 (8th Cir. 1984).  *See also United States v. Spencer*, 592 F.3d 866, 875 (8th Cir. 2010) (the Government "can prove its case in the disjunctive where the indictment alleges, in the conjunctive, that the defendant committed the same offense . . . in more than one way."); *Griffin v. United States*, 502 U.S. 46 (1991).

In this case, the United States anticipates that it will prove at trial that the Defendant destroyed the building through fire.  But the Defendant has no basis to seek dismissal of the Indictment based on the fact that an alternate theory is charged in the conjunctive.  Any concerns at trial are best addressed through a narrowing of the indictment at trial. Amendments to the indictment that remove allegations that are non-essential to the charged offenses are constitutionally permissible.  *United States v. Miller*, 471 U.S. 130, 144 (1985).  *See also United States v. Benedict*, No. 13-CR-150 SRN/FLN, 2013 WL 6404956, at *2 (D. Minn. Dec. 6, 2013).  In the alternative, a unanimity instruction would also address the concern: such an instruction "is usually sufficient to protect a defendant's Sixth Amendment right to a unanimous verdict."  *United States v. Davis*, 154 F.3d 772, 783

(8th Cir. 1998).

Dated:   September 29, 2020

                                            Respectfully Submitted,

                                            ERICA H. MacDONALD
                                            United States Attorney

                                            *s/ Thomas Calhoun-Lopez*
                                            BY:   THOMAS CALHOUN-LOPEZ
                                            Assistant U.S. Attorney
                                            Attorney ID No. 480908DC