UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-168 (WMW/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONTEZ TERRIEL LEE, JR.,<br><br>Defendant. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION** |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Thomas Calhoun-Lopez, Assistant United States Attorney, hereby submits its response to the Defendant's motion for reconsideration of detention (Document No. 31). The United States opposes the motion.

## I.     PROCEDURAL HISTORY

On June 11, 2020, a complaint was filed charging the Defendant with arson of the Max It Pawn shop, in violation of 18 U.S.C. § 844(i). (Document No. 1.) The Defendant was arrested and made an initial appearance on June 16, 2020. (Document No. 3.) At that point, the United States moved for detention. (*Id.*)

The detention hearing was held before U.S. Magistrate Judge David T. Schultz on June 18, 2020. (Document No. 10.) Prior to the hearing, the U.S. Pretrial Services Officer interviewed the Defendant and issued a report recommending detention, finding that the Defendant presented a risk of non-appearance and a danger to the community.

(Document No. 11 at 1.)  Judge Schultz ordered detention based on the second prong of the Bail Reform Act, finding that there had been "a clear and convincing show that no condition or combination of conditions of bond will reasonably ensure the safety of the community."  (Document No. 11 at 1–2.)  Judge Schultz relied upon the rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e), as well as the Defendant's criminal history and prior record under court supervision.  (Document No. 11 at 2.)

On August 12, 2020, the Defendant was charged by indictment with the arson of the Max It Pawn Shop.  (Document No. 14.)

The Defendant now moves for reconsideration of the detention order, arguing two developments since the detention hearing: 1) the spread of the COVID-19 pandemic generally, and in jails in particular; and 2) the placement of his child by Child Protection into the care of a relative.  (Document No. 31 at 2–5.)

On November 18, 2020, the U.S. Probation Officer issued an addendum maintaining the earlier recommendation of detention.

## II.   ARUGMENT

Under the Bail Reform Act, a detention hearing may be reopened if the Court

> finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B).  Under this standard, "a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, must show that such information is material to and has a

2

substantial bearing on whether he should remain detained." *United States v. Petters*, No. CR. 08-364 (RHK/AJB), 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009) (internal quotation marks and brackets omitted).

The circumstances to which the Defendant points are difficult, and the United States is sympathetic to his family troubles. However the Defendant has not identified any new information that would have any bearing on whether he should remain detained. The Defendant's motion should therefore be denied. His arguments are addressed separately below.

      a.      **The Defendant's Argument Regarding COVID-19.**

The Defendant first cites as a basis for reopening the detention hearing the COVID-19 pandemic, noting the spread of the virus in Minnesota in general, and in Minnesota jails, including Washington County Jail, in particular. (Document No. 31 at 2–4.) The Defendant's concern on this point is certainly understandable. However it is not a basis to reopen detention because it is not material to the sole question before the Court of whether the Defendant should be detained. The Bail Reform Act outlines the factors that courts are to consider, including

> (1) the nature and circumstances of the offense charged . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person . . . ; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

18 U.S.C. § 3142(g). The Defendant's concerns about the COVID pandemic do not touch upon any of these factors. *See United States v. Abari*, No. CR 19-103(1) (MJD/ECW), 2020 WL 2992399, at *4 (D. Minn. June 4, 2020), denying a motion to reopen the detention hearing because the defendant "has failed to demonstrate how the COVID-19 pandemic factors into whether he poses a flight risk or a danger to the community." *See also United States v. Lunnie*, No. 4:19-CR-

00180 KGB, 2020 WL 6686134, at *2 (E.D. Ark. Nov. 12, 2020) ("While the Court is sympathetic to [the defendant's] concerns about the possibility of contracting COVID-19 . . . the pandemic has no impact on the question of whether [the defendant] poses a flight risk or is a danger to the community.").

In this case, Judge Schultz properly applied the factors of Bail Reform Act and ordered the Defendant's detention. (Document No. 11.) Because the Defendant is charged with arson on property used in interstate commerce, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the Defendant's appearance in court and the safety of the community. 18 U.S.C. § 3142(e). Judge Schultz held that there was no evidence that would rebut that presumption as to the safety of the community. (Document No. 11 at 2.) To the contrary, as Judge Schultz noted aggravating factors in the Defendant's criminal history:

> the Defendant has a criminal history that includes acts of violence. His record under court supervision includes multiple probation violations and failures to appear. He committed two crimes while he was on active supervision for a felony assault conviction. He was also under court supervision when he is alleged to have committed the instant offense.

(Document No. 11 at 2.) The Defendant has not pointed to anything about the pandemic that would change that calculus.

### b.  The Defendant's Argument Regarding His Child.

By the same token, the Defendant's arguments regarding his family circumstances have no bearing on the issue of detention.

The removal of the Defendant's child is no doubt an extraordinarily painful and distressing development in his life. The United States certainly wishes his family well during this difficult ordeal. However this circumstance does not affect the calculus under the Bail Reform Act, and does not in any way address Judge Schultz's finding that the Defendant represents a danger to the

4

community. The Defendant has therefore not presented any information that is "material to and has a substantial bearing on whether he should remain detained." *United States v. Petters*, 2009 WL 205188, at *2. His motion must therefore be denied. *See, e.g.*, *United States v. McCoy*, No. 2:12-CR-218 TS, 2013 WL 492100, at *3 (D. Utah Feb. 8, 2013) (finding that the defendant's argument that he risks losing custody of his children if he is not released from pretrial detention "is not material to the issues of assuring his appearance as required and the safety of the community.").

### III.   CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny the Defendant's motion for reconsideration of detention.

Dated:   November 20, 2020

                                                     Respectfully Submitted,

                                                   ERICA H. MacDONALD
                                                   United States Attorney

                                                   *s/ Thomas Calhoun-Lopez*
                                                   BY:   THOMAS CALHOUN-LOPEZ
                                                   Assistant U.S. Attorney
                                                   Attorney ID No. 480908DC