UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-cr-168 (WMW/ECW)

_____

United States of America,

        Plaintiff,

v.

                           **DEFENDANT'S RESPONSE**

Montez Terriel Lee, Jr.,

        Defendant.

_____

The Government has put forth an argument that the Mr. Lee has not put forth any "new information that would have any bearing on whether he should remain detained." [ECF 36, Government's Response]. In particular the Government states that the Covid -19 pandemic is not a material factor as to whether Mr. Lee should be detained. (*id*).  They cite the 1984 Bail Reform Act as *limiting* the information to be considered as those under 18 U.S.C. §3142(g)(1)-(4). I agree that the Bail Reform Act of 1984 guides the federal court's determination of a defendant's pretrial release and bail rights but I disagree whole heartedly that the BRA limits the information to be considered and that the Covid-19 pandemic is not material to that equation.

> **The BRA does not limit the "information" that can be considered and the Covid-19 pandemic is a material change**

The BRA was enacted in "response to numerous perceived deficiencies in the federal bail process." *United States v. Salerno*, 481 U.S. 739, 742 (1987).  As

1

noted in *Salerno*, "in our society liberty is the norm, and detention prior to trial or without trial the carefully limited exception. *Id*. at 756. In *Salerno*, the Court articulated why the BRA's pre-trial detention did not violate due process by deeming it punishment:

The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes. See 18 U.S.C. § 3142(f) (detention hearings available if case involves crimes of violence, offenses for which the sentence is life imprisonment or death, serious drug offenses, or certain repeat offenders). The arrestee is entitled to a prompt detention hearing, *ibid.,* and the maximum length of pretrial detention is limited by the stringent time limitations of the Speedy Trial Act. See 18 U.S.C. § 3161 *et seq.* (1982 ed. and Supp. III). Moreover, . . .the conditions of confinement envisioned by the Act "appear to reflect the regulatory purposes relied upon by the" Government. . . [T]he statute at issue here requires that detainees be housed in a "facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal." 18 U.S.C. § 3142(i)(2). We conclude, therefore, that the pretrial detention contemplated by the Bail Reform Act is regulatory in nature, and does not constitute punishment before trial in violation of the Due Process Clause.

*Salerno*, 481 U.S. at 747-48 (internal quotations omitted).

Somehow in the 30+ years since the BRA was drafted, we have lost our way. In 1985 the 8th Circuit noted, "[c]ongress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial". *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985). The list of those crimes being deemed presumptive detention continues to grow and the exception is now the general ruld. What was supposed to be reserved for the most "serious" crimes now encompass a laundry list of crimes. On top of it, individuals are no longer housed separately from those awaiting sentencing, or serving sentences, and the Speedy Trial Act, the main component in assuring individuals don't sit in perpetuity, is

currently suspended. (See General Order 20). The pandemic and its impact are relevant factors. When the pandemic first appeared there was mixed views on whether it applies:

> Courts have differed on whether the COVID-19 pandemic is a "material change of circumstances" that warrants a renewed evaluation of a prior detention order under § 3142(f). *Compare United States v. Banks*, 2020 WL 1450549 (D. Neb. Mar. 25, 2020) ("I am not convinced the COVID-19 pandemic is a 'material change of circumstances' warranting a renewed evaluation of my prior detention order."), *with United States v. Martin*, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020) (stating that the COVID-19 pandemic "can indeed constitute new information having a material bearing on whether there are conditions of release that will reasonably assure the appearance of detained defendants and secure the safety of the community"). In this Court's opinion, the more persuasive position is that the COVID-19 pandemic *may* constitute a material change of circumstances that justifies renewed evaluation of a detention order, as the pandemic may relate to the detainee's "physical and mental condition" under § 3142(g)(3)(A).

*United States v. Terry*, No. 5:20-CR-50021-001, 2020 WL 4745746, at *2 (W.D. Ark. June 23, 2020)

But whether it is material change elsewhere, it has been found to be one here in Minnesota. In April of 2020 in *United States v. Ramirez-Rodriguez*, 455 F.Supp. 3 1242 (D. Minn) the Court clearly found that Covid-19 pandemic and its impact on the defendant was a material change in circumstances and ordered the release of the defendant. *Id*. at 1250.

At the time of *Ramirez-Rodriguez* Covid -19 hadn't made it into the jails, but it has extensively as of now. Since Mr. Lee has been indicted thousands of those in the jails around Minnesota have contracted it. (ECF 35, Defendant's Motion for Reconsideration). More importantly, since then Federal and State Courts have had to shut down trials and more concerning suspend Speedy Trial rights. (ECF 35, Defendant's Motion for Reconsideration). Covid-19 and its impact, not only Mr. Lee, but those related to pretrial detention altogether, must be considered as individuals are being subjected to un-ending detention.

To that end, Mr. Lee presented factors for release that could be considered, release on monitoring with strict conditions and to be released to his girlfriend who has agreed to be a third-party custodian. See, *United States v. Ramirez-Rodriguez*, 455 F.Supp. 3 at 1252. *See also* 18 U.S.C. §3142(i). Which if granted would allow Mr. Lee to help with his family and aid his son.

3

Dated: <u>November 20, 2020</u>              <u>*Andrew S. Garvis*</u>
                                             Andrew S. Garvis
                                             Koch and Garvis LLC
                                             3109 Hennepin Ave. S.
                                             Minneapolis, MN 55408
                                             (612) 827-8101
                                             Minn. Attny. No. 257989