UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Montez Terriel Lee, Jr.,<br><br>Defendant. | Case No. 20-cr-168 (WMW/ECW)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendant Montez Terriel Lee, Jr.'s Motion to Dismiss Indictment (Dkt. 26).

The Court held a hearing on the motions on November 20, 2020 by Zoom for Government. Thomas Calhoun-Lopez, Assistant U.S. Attorney, appeared on behalf of Plaintiff United States of America ("the Government") and Andrew Garvis appeared on behalf of Defendant Montez Terriel Lee, Jr., who consented to holding the hearing by Zoom for Government and was present at the hearing via Zoom for Government.

The Motion to Dismiss was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.  MOTION TO DISMISS

In an August 12, 2020 Indictment (Dkt. 14), a Grand Jury indicted Defendant Montez Terriel Lee, Jr. ("Defendant" or "Lee") on one count of Arson on Property Used in Interstate Commerce in violation of 18 U.S.C. § 844(i). As to this Count, the Indictment provides in relevant part as follows:

## COUNT 1
(Arson on Property Used in Interstate Commerce)

On or about May 28, 2020, in the State and District of Minnesota, the defendant,

**MONTEZ TERRIEL LEE, JR,**

maliciously damaged and destroyed, by means of fire and explosive materials, the Max It Pawn Shop, located at 2726 East Lake Street, a building used in interstate commerce, in violation of Title 18, United States Code, Section 844(i)[.]

(Dkt 14 at 1 (emphasis in original).)

Section 844 provides in relevant part:

(i) Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of **fire or an explosive**, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both; and if personal injury results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall be imprisoned for not less than 7 years and not more than 40 years, fined under this title, or both; and if death results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment.

18 U.S.C. § 844(i) (emphasis added).

Lee now moves the Court pursuant to Rule 7(c)(1) of the Federal Rules of Criminal Procedure to dismiss the Indictment "because it erroneously charges the defendant with maliciously damaging and destroying the Max It Pawn Shop by 'fire and explosive materials' wherein no explosive was used by defendant as defined under 18

2

U.S.C. §844(j) or explosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title." (Dkt. 26.)

The Government counters that where a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the acts conjunctively charged may establish guilt. (Dkt. 28 at 6-7.) The Government argues that this, coupled with the fact that § 844(i) specifies two ways in which the crime can be committed—destroying a building by fire or by explosive—must lead to the denial of Lee's Motion to Dismiss. (*Id.*)

"Where a statute specifies two or more ways in which an offense may be committed[,] all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the acts conjunctively charged may establish guilt." *United States v. Mohr*, 728 F.2d 1132, 1135 (8th Cir. 1984). As such, the mere fact that a single element in the only count in this case—whether the destruction of property was caused by fire or explosive device—is asserted in the conjunctive is not a valid basis in of itself to dismiss the entire Indictment. To the extent the parties believe the Indictment needs to be narrowed, they can do so by motion before United States District Judge Wilhelmina M. Wright. *See United States v. Benedict*, No. 13-CR-150 SRN/FLN, 2013 WL 6404956, at *1 (D. Minn. Dec. 6, 2013) (citing *United States v. Miller*, 471 U.S. 130, 144 (1985)) (allowing amendments for purposes of narrowing an indictment).

3

## II.  RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:** Defendant Montez Terriel Lee, Jr.'s Motion to Dismiss Indictment (Dkt. 26) be **DENIED**.

DATED: December 18, 2020                    *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).