UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-168 (WMW/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | PLEA AGREEMENT |
| v. ) | AND SENTENCING |
| ) | STIPULATIONS |
| MONTEZ TERRIEL LEE, JR., ) | |
| ) | |
| Defendant. ) | |

The United States of America and Montez Terriel Lee, Jr. (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with arson on property used in interstate commerce, in violation of Title 18, United States Code, Section 844(i).

2. **Factual Basis.** The Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On May 28, 2020, the Defendant, along with others, broke into the Max It Pawn Shop, located at 2726 East Lake Street in Minneapolis, Minnesota. The Defendant then

1



poured a fire accelerant around the pawn shop, and lit the accelerant on fire. The fire destroyed the Max It Pawn.

At the time the Defendant set the fire, the Max It Pawn Shop building was being used in interstate commerce.

The Defendant admits and agrees that he intentionally damaged and destroyed the Max It Pawn Shop by means of fire on May 28, 2020. He further admits and agrees that he acted voluntarily, and that he knew his actions violated the law.

The United States and the Defendant agree that, on July 20, 2020, federal and state law enforcement personnel recovered the body of a man with the initials O.L.S. in the rubble of the Max It Pawn. The United States and the Defendant dispute whether the Defendant's conduct caused the death of O.L.S., and will be prepared to present their respective positions during sentencing proceedings as set forth in paragraph 5.b., below.

3.  **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

   a.  a maximum term of imprisonment of 20 years;

   b.  a mandatory minimum term of imprisonment of 5 years;

   c.  a supervised release term of up to three years;

   d.  a fine of up to $250,000; and

   e.  a mandatory special assessment of $100.00.

4.  **Revocation of Supervised Release.** The Defendant understands that if he were to violate any condition of supervised release, the Defendant could be sentenced to

an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5. **Guideline Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

> a. <u>Base Offense Level.</u> The parties agree that, because the offense created a substantial risk of death or serious bodily injury to persons other than a participant in the offense, and the risk was created knowingly, the base offense level for Count 1 of the Indictment is **24**. U.S.S.G. § 2K1.4(a)(1).
>
> b. <u>Cross Reference</u>. The United States contends that, because a death resulted from the offense, the provisions of U.S.S.G. § 2A1.2 apply. U.S.S.G. § 2K1.4(c)(1). The United States therefore contends that the adjusted offense level for Count 1 of the Indictment is **38**. U.S.S.G. § 2A1.2(a). The Defendant does not agree that the provisions of U.S.S.G. § 2A1.2 apply. The parties anticipate that this issue will be the subject of an evidentiary hearing, and will be prepared to present their respective arguments and evidence to the Court during sentencing proceedings.
>
> c. <u>Specific Offense Characteristics</u>. The parties agree that no specific offense characteristics apply.
>
> d. <u>Chapter 3 Adjustments</u>. The parties agree that, other than credit for acceptance of responsibility, no Chapter 3 adjustments apply.
>
> e. <u>Acceptance of Responsibility</u>. The United States agrees to recommend that the Defendant receive a **3**-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the Defendant understands and agrees that this recommendation is conditioned upon the following: (i) the Defendant testifies truthfully during the change of plea hearing, (ii) the Defendant cooperates with the Probation Office in the preparation of the Pre-sentence Report, and (iii) the Defendant

commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1.

f.   Criminal History Category. Based on information available at this time, the parties believe that the Defendant's criminal history category is **III**. This does not constitute a stipulation, but an assessment based on the information currently known. The parties acknowledge that the Defendant's actual criminal history category and related status (which might impact the Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

g.   Guideline Range.

The United States' view of the appropriate sentencing calculations as outlined above would result, after an adjustment for acceptance of responsibility, in an offense level of **35**. If the United States' position is adopted by the Court, and the Defendant's criminal history category is **III**, the Sentencing Guidelines range for Count 1 would be **210–262** months' imprisonment. Because this exceeds the statutory maximum term of imprisonment of **240** months for Count 1, the Guidelines range would become **210–240** months' imprisonment. 18 U.S.C. § 844(i); U.S.S.G. § 5G1.1(a).

The Defendant's view of the appropriate sentencing calculations as outlined above would result, after an adjustment for acceptance of responsibility, in an offense level of **21**. If the Defendant's position is adopted by the Court, and the criminal history category is **III**, the Sentencing Guidelines range for Count 1 would be **46–57** months' imprisonment. Because this range is below the mandatory minimum sentence of **60** months, the Guidelines range for Count 1 would be **60** months. 18 U.S.C. § 844(i); U.S.S.G. § 5G1.1(b).

h.   Fine. If the adjusted offense level is **35**, the applicable fine range would be **$40,000** to **$400,000**. Because that amount exceeds the statutory maximum fine of **$250,000**, the applicable fine range would be **$40,000** to **$250,000**. 18 U.S.C. § 841(i). If the adjusted offense level is **21**, the applicable fine range is **$15,000** to **$150,000**. U.S.S.G. § 5E1.2(c)(3).

i.   Supervised Release. The Sentencing Guidelines call for a term of supervised release of between one and three years for Count 1. U.S.S.G. § 5D1.2(a)(2).

4

      j.    <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make departure motions and to oppose any such motions made by the opposing party. If the Court adopts the United States' position that a death resulted from the offense, resulting in an adjusted offense level of **35**, the United States agrees to request a sentence of imprisonment at the low-end of the applicable Guidelines range. The Defendant reserves the right to argue for a sentence outside the advisory guidelines range, except that the Defendant acknowledges that he is subject to a **60**-month mandatory minimum term of imprisonment. 18 U.S.C. § 844(i).

6.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable Guidelines calculations or the Defendant's criminal history category is different from that stated above, such a determination shall not provide a basis for the parties to withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

7.    **Special Assessments**. The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the Defendant is convicted. U.S.S.G. § 5E1.3. The Defendant agrees to pay the special assessment prior to sentencing.

8. **Complete Agreement.** This, along with any agreement signed by the parties before the entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

Dated: 7/22/2021

W. ANDERS FOLK
Acting United States Attorney

BY: THOMAS CALHOUN-LOPEZ
Assistant United States Attorney

Dated: 7/22/21

MONTEZ TERRIEL LEE, JR.
Defendant

Dated: 7/22/2021

BRUCE M. RIVERS, ESQ.
Counsel for Defendant