UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-168 (WMW/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION FILED PURSUANT TO 28 U.S.C. § 2255** |
| v. | |
| MONTEZ TERRIEL LEE, JR., | |
| Defendant. | |

Defendant Montez Terriel Lee, Jr., recently moved this Court pursuant to § 2255 seeking to vacate his sentence based on claims of ineffective assistance of counsel at sentencing. Lee's motion, however, is untimely by over two months and should be dismissed as time-barred under the applicable one-year statute of limitations specified by § 2255(f)(1).

## Procedural Background

In July 2021, Lee pleaded guilty to arson on property used in interstate commerce in violation of 18 U.S.C. § 844(i). Doc. No. 54. The plea agreement acknowledged that the parties had differing views on the appropriate guideline range but outlined the parties' understanding that, if the Court determined that the applicable Guidelines calculations or the defendant's criminal history category were different from that stated in the agreement, the Court's determination was not a basis to withdraw from the agreement. Instead, the plea agreement explained that the defendant would be sentenced pursuant to

the Court's determinations under those circumstances. Doc. No. 55, Plea Agr't ¶ 6.

At sentencing on January 14, 2022, the Court varied downward from the guideline range of 235 to 240 months and sentenced Lee to a total term of 120 months imprisonment. Doc. No. 89, Judgment in a Criminal Case at 2. The Court also granted the government's motion and deferred the determination of restitution for two weeks. *Id.* at 6.[1] The sentencing judgment was entered on January 19, 2022. Doc. No. 89.

Although the plea agreement did not preclude Lee from filing a direct appeal of his sentence, Lee did not file one. *See generally* Plea Agr't. Judgment, therefore, became final 14 days following entry of judgment, that is, on February 2, 2022.

On January 24, 2022, after receiving a victim request for restitution, the parties agreed and filed a joint motion for restitution to amend the judgment to reflect the finalized amount of $842 to D.M., the victim in the case. Doc. No. 91 at 2. The Court entered a restitution order and amended judgment to reflect the restitution on April 13, 2022. Doc. Nos. 92, 93. The amended judgment was

---

[1] The Court noted "The determination of restitution is deferred until January 28, 2022. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination."

a separately appealable judgment, though Lee did not appeal that judgment, either.

On April 27, 2023, Lee filed this § 2255 motion to vacate sentence alleging ineffective assistance of counsel at sentencing and claiming that his resulting guideline range should have been 60-71 months instead of 235 to 240 months.Doc. No. 97 at 5.

### Lee's Motion Is Untimely and Should Be Dismissed

Prisoners have one year to file a collateral attack on their conviction or sentence, starting from the latest of the following: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). A motion filed outside of this one-year time limit should be dismissed as untimely. *See Moore v. United States,* 173 F.3d 1131, 1133-35 (8th Cir. 1999); *Campa-Fabela v. United States,* 339 F.3d 993, 993-94 (8th Cir. 2003). Although "not a jurisdictional bar,"

*Moore,* 173 F.3d at 1134, a district court is precluded from considering the merits of untimely claims where, as here, the government raises a statue-of-limitation defense. *See United States v. Craycraft,* 167 F.3d 451, 457 (8th Cir. 1999).

Though § 2255(f) sets out four separate triggering events, only the first is implicated here—"the date on which the judgment of conviction becomes final." § 2255(f)(1). If, as here, a defendant does not appeal the judgment of conviction, the judgment becomes final when the time for filing a notice of appeal expires. *Anjulo-Lopez v. United States,* 541 F.3d 814, 816 n.2 (8th Cir. 2008).

Lee's criminal judgment imposing sentence was entered on January 19, 2022. Doc. No. 89. Lee had 14 days after entry of judgment, or until February 2, 2022, to file an appeal. Fed. R. App. P. 4(b)(1)(A)(i). Lee did not file one, and, therefore, his conviction became final on February 2, 2022. Pursuant to § 2255(f)(1), Lee had until February 2, 2023, to file his § 2255 motion. Lee failed to file within that time-period. Instead, Lee filed his § 2255 on April 27, 2023, more than two months after the one-year limitation period expired.

Lee mistakenly believes that April 27, 2022—the date on which the amended sentencing judgment imposing restitution became final—triggers the 1-year deadline for filing his § 2255 motion. Doc. No. 97 at 4. He is incorrect.

In *Manrique v. United States*, 137 S. Ct. 1266 (2017), the Supreme Court addressed the jurisdictional impact of filing a notice of appeal from the original judgment, holding that its ruling in *Dolan v. United States*, 560 U.S. 605 (2010), makes clear that deferred restitution cases involve two appealable judgments, not one. The Court confirmed that district courts retain jurisdiction to order restitution despite an appeal of the sentencing judgment and further concluded that the amended judgment ordering restitution is a separately appealable judgment. *Manrique*, 137 S. Ct. at 1272-73. Defendants who file an initial notice of appeal and wish to appeal the amended judgment imposing restitution must file a separate notice of appeal of that amended judgment. *Id.* at 1272-73. In no uncertain terms, the Court explained that an appeal of the sentencing judgment is not "sufficient to invoke appellate review of the later-determined restitution amount." *Id.* at 1270.

Indeed, in *Dyab v. United States,* 855 F.3d 919, 923-24 (8th Cir. 2017), the Eighth Circuit held that an amended judgment ordering restitution did not result in a new sentence or judgment against the defendant for § 2255 purposes. As a result, a § 2255 motion was successive even where it was the first motion following an amended judgment imposing restitution. *Id.*

The same conclusion holds true with respect to amended judgments filed to correct clerical errors under Rule 36. Those amended judgments do not constitute new judgments that allow for a new § 2255 motion. *See id.* at 923

5

("Correction of a clerical or typographical error pursuant to Criminal Rule 36 likewise does not justify disregarding prior § 2255 motions in the 'second or successive' calculus."); *United States v. Brown*, 915 F.3d 1200, 1202 (8th Cir. 2019) (correcting clerical and typographical errors pursuant to Rule 36 "does not substantively alter a prisoner's sentence, so a § 2255 motion filed after such a correction is still a challenge to the original judgment"); *Marmolejos v. United States*, 789 F.3d 66 (2d Cir. 2015) (an amended judgment merely correcting clerical errors pursuant to Rule 36 does not constitute a "new judgment").

*Manrique* and *Dyab* compel the conclusion that the sentencing judgment, not the amended judgment ordering restitution, is the triggering event for purposes of § 2255(f)(1). Lee attacks his sentence, not his restitution obligation. That sentencing judgment became final on February 2, 2022, so that is the judgment at issue for purposes of § 2255(f)(1).

As other courts have recognized, it would make no sense if the amended judgment were the triggering date under § 2255(f)(1) because a prisoner cannot attack a restitution order in a § 2255 motion. *Dyab*, 855 F.3d at 922-23. And to be sure, Lee does not lodge such an attack. Instead, he attacks his sentence, so there is no reason that the separate amended judgment imposing restitution would be the triggering date to challenge Lee's sentence rather than the judgment imposing sentence. *See United States v. Mustafa*, No. 14-cr-261(2) (JRT/BRT), 2020 WL 435509, at *2 (D. Minn. Jan. 28, 2020) (date of sentencing

6

judgment, not date of amended judgment, is controlling date under § 2255(f)(1)).

The Ninth Circuit has specifically addressed whether a sentencing judgment or an amended judgment imposing restitution is the triggering event for purposes of § 2255(f)(1) and concluded that it is the sentencing judgment. *United States v. Gilbert,* 807 F.3d 1197, 1199–1200 (9th Cir. 2015). The court reasoned that it would "make no sense" to allow an amended judgment reflecting restitution to restart the limitations period because a prisoner cannot challenge restitution in a § 2255 motion. *Id.* at 1201. As a result, the court held "that when a judgment imposes a sentence but leaves the amount of restitution to be determined, the one-year statute of limitations to file a § 2255 motion does not restart when the specific amount of restitution is later entered." *Id.*; *see also United States v. Bourgeois*, No. 10-cr-025 JRT/JJG, 2013 WL 1953312, at *3 (D. Minn. May 10, 2013) ("[B]ecause § 2255 motions cannot challenge the entry of restitution, it would make little sense for an amendment to a judgment that addresses only restitution to restart the statute of limitations for filing a habeas petition. Accordingly, the Court finds that the modification of Bourgeois' judgment on the issue of restitution was not sufficient to restart the statute of limitations for a § 2255 petition. . . .") (internal citations omitted). *But see United States v. Anthony*, 25 F.4th 792, 804 (10th Cir. 2022) (disagreeing with Ninth Circuit and holding that "in a

7

deferred restitution case a defendant may file his appeal of his conviction and sentence within 14 days of either (1) the entry of the initial judgment or (2) the entry of the amended judgment containing the restitution amount.").[2]

Here, Lee did not file a direct appeal of either judgment. Other than to order restitution, which had been deferred, nothing changed regarding Lee's guilt or sentence. Based on the Supreme Court and Eighth Circuit cases cited above, Lee's conviction became final on February 2, 2022. As a result, Lee had until February 2, 2023, to file his § 2255 motion, and not April 27, 2023. Lee's § 2255 motion, filed on April 27, 2023,[3] therefore, is time-barred and should be dismissed.

---

[2] The *Anthony* court's conclusion that the amended judgment is the § 2255(f)(1) triggering event was based on the false premise that a defendant can wait to file a direct appeal of sentence until restitution is ordered. United States v. Anthony, 25 F.4th 792, 805 n.15 (10th Cir. 2022). Under *Manrique*, that is not true. *See Manrique v. United States*, 137 S. Ct. 1266, 1271 (2017) (holding that "[t]he requirement that a defendant file a timely notice of appeal from an amended judgment imposing restitution is at least a mandatory claim-processing rule"); *see also United States v. Johnson*, 146 F. App'x 855, 856 (8th Cir. 2005) (dismissing appeal as untimely and holding that supplement to judgment adding fine and restitution did not restart appeal period to appeal sentencing judgment).

Dated: June 20, 2023 	Respectfully submitted,

                                            ANDREW M. LUGER
                                            United States Attorney

                                            s/ *William C. Mattessich*

                                            By: William C. Mattessich
                                            Assistant U.S. Attorney