UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,  　　　　　　　Case No. 20-cr-0168 (1) (WMW/ECW)
　　　　　　　　　　　　　　　　　　　　　　　23-cv-1198 (WMW)
　　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**
v.

Montez Terriel Lee, Jr.,

　　　　　　　Defendant.

This matter is before the Court on Defendant Montez Terriel Lee, Jr.'s Motion to Vacate under 28 U.S.C. § 2255. (Dkt. 97.) Plaintiff United States of America opposes the motion and filed a Motion to Dismiss Lee's Motion Filed Pursuant to 28 U.S.C. § 2255. (Dkt. 100.) For the reasons addressed below, the motion to vacate Lee's conviction and sentence is denied.

## BACKGROUND

In July 2021, Lee entered a guilty plea to arson on property used in interstate commerce, a violation of 18 U.S.C. § 844(i). The plea agreement acknowledged that the parties did not agree on the applicable sentencing guideline range. However, the plea agreement clearly outlined the parties' understanding that any deviation by the Court from the stated agreement on guidelines calculations or Lee's criminal history category would not be a basis to withdraw from the plea agreement. Instead, the plea agreement specified that, under such circumstances, Lee would be sentenced according to the Court's determinations.

At the sentencing hearing on January 14, 2022, the Court exercised its discretion and imposed a downward variation from the guideline range of 235 to 240 months, sentencing Lee to 120 months' imprisonment in total. Additionally, the Court granted the United States of America's Motion to Amend Judgment in a Criminal Case to add restitution and deferred the determination of restitution for two weeks. The Court entered the sentencing judgment on January 19, 2022. Although the plea agreement did not preclude Lee from filing a direct appeal of his sentence, he chose not to do so. Consequently, the judgment became final on February 2, 2022, 14 days following its entry.

On January 24, 2022, the parties agreed to a victim's request for restitution. Subsequently, the parties filed a joint motion to amend the judgment to reflect the final restitution amount of $842 to D.M., the victim in the case. The Court entered a restitution order and amended judgment on April 13, 2022. Lee did not appeal this amended judgment either. On April 27, 2023, Lee filed a Section 2255 motion to vacate the sentence, alleging ineffective assistance of counsel. Lee contends that his counsel was ineffective because the guidelines range for his offense should have been 60 to 71 months instead of 235 to 240 months.

## ANALYSIS

A federal prisoner may move to vacate a conviction or sentence "for jurisdictional and constitutional errors" or for fundamental errors of law that inherently result in "a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted). A *pro se* litigant's filings are liberally construed and held to less stringent standards than filings drafted by a lawyer. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (per curiam).  Nonetheless, it is the defendant's burden to establish that Section 2255 relief is warranted.  *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004); *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

Prisoners are granted a one-year window to initiate a collateral attack on their conviction or sentence.  This period begins on the latest of the following events: (1) the date on which the judgment of conviction becomes final; (2) the date on which any governmental action violating the Constitution or laws of the United States, hindering the prisoner from making a motion, is rectified; (3) the date on which the Supreme Court initially recognizes the right asserted, if it is a newly recognized right made retroactively applicable to cases on collateral review; or (4) the date on which the pertinent facts supporting the claim could have been discovered through diligent efforts.  28 U.S.C. § 2255(f).

Any motion filed after this one-year limit is untimely and subject to dismissal.  *Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999); *Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003).  While the expiration of this time limit is not a jurisdictional barrier, *Moore*, 173 F.3d at 1134, a district court is prohibited from assessing the merits of untimely claims when the government raises a statute-of-limitation defense.  *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).

While Section 2255(f) enumerates four distinct triggering events, only the first event is applicable in this case: "the date on which the judgment of conviction becomes final." 28 U.S.C. 2255(f)(1).  When a defendant chooses not to appeal the judgment of conviction,

the judgment becomes final when the time allowed for filing a notice of appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008).

The criminal judgment imposing Lee's sentence was filed on January 19, 2022. (Dkt. 89.) After the entry of judgment, Lee had 14 days, until February 2, 2022, to file an appeal. Fed. R. App. P. 4(b)(1)(A)(i). Lee did not pursue an appeal, and his conviction became final on February 2, 2022. Lee had until February 2, 2023, to submit his Section 2255 motion. 28 U.S.C. § 2255(f)(1). Lee failed to meet this deadline. Lee submitted his motion on April 27, 2023, more than two months after the expiration of the one-year limitation period.

Lee argues that his motion to vacate his sentence is timely because the judgment did not become final until April 27, 2022, when the time expired to appeal the amended judgment that added restitution. *Clay v. United States*, 537 U.S. 522 (2003). Lee contends that, because restitution is part of the sentence, the judgment was not final until restitution was ordered. Alternatively, Lee argues, his motion is timely under the one-year deadline in Section 2255(f)(2) because the United States of America prevented him from filing earlier. In support of this argument, he contends that the understaffing and lack of response from prison officials at FCI Ray Brook from August 2022 until February 2023 deprived him of his right to communicate with counsel to prepare his motion.

Citing *Manrique v. United States*, 137 S. Ct. 1266 (2017), Lee maintains that the judgment did not become final upon the initial judgment in February 2022 because restitution had not been ordered at that time and Supreme Court precedent and federal statutes treat restitution as part of the sentence and judgment. He distinguishes appeal

4

deadlines from deadlines for post-conviction motions. Citing *Magwood v. Patterson*, 130 S. Ct. 2788 (2010). Lee argues that finality for post-conviction motions is based on when the judgment becomes final. And because he challenges his incarceration, not just restitution, Lee contends that the motion is valid under Section 2255 and distinguishable from the holding in *Shephard v. United States*, 735 F.3d 797 (8th Cir. 2013). He maintains that he could not fully evaluate his claim until he received his case file.

Lee argues that the one-year deadline for filing his Section 2255 motion is triggered by April 27, 2022, which is the date when the amended sentencing judgment imposing restitution was finalized. This assumption is incorrect, however. The correct starting point is February 2, 2022, the date on which the original criminal judgment became final.

The Supreme Court of the United States addressed the jurisdictional implications of filing a notice of appeal from the original judgment in *Manrique v. United States*, 137 S. Ct. 1266 (2017). The Court addressed its ruling in *Dolan v. United States*, 560 U.S. 605 (2010), and emphasized that a deferred restitution case involves two appealable judgments. In doing so, the Court affirmed that a district court retains jurisdiction to order restitution despite an ongoing appeal of the sentencing judgment, and the Court ruled that the amended judgment mandating restitution stands as a separate and appealable judgment. A defendant who seeks to appeal the amended judgment imposing restitution, therefore, must file a distinct notice of appeal for that specific judgment, apart from filing the initial notice of appeal. *Manrique*, 137 S. Ct. at 1272-73. Merely appealing the sentencing judgment is insufficient to initiate appellate review of the subsequently determined restitution amount.

5

An appeal of the sentencing judgment does not serve as a trigger for reviewing the later-determined restitution amount. *Id*. at 1270.

An amended judgment imposing restitution does not give rise to a new sentence or judgment for the purpose of Section 2255. *Dyab v. United States*, 855 F.3d 919, 923-24 (8th Cir. 2017). Consequently, even when a Section 2255 motion is the first motion following an amended judgment mandating restitution, the Section 2255 motion is still be regarded as successive and subject to the associated limitations. *Id*. at 923-24.

The same conclusion applies to an amended judgment filed to correct clerical errors under Rule 36. Such an amended judgment does not qualify as a new judgment that would permit a new Section 2255 motion. *Id*. at 923. "Correction of a clerical or typographical error pursuant to Criminal Rule 36 . . . does not justify disregarding prior [Section] 2255 motions in the 'second or successive' calculus." *United States v. Brown*, 915 F.3d 1200, 1202 (8th Cir. 2019). Additionally, correcting clerical and typographical errors pursuant to Rule 36 "does not substantively alter a prisoner's sentence, so a [Section] 2255 motion filed after such a correction is still a challenge to the original judgment." *Id*. Similarly, an amended judgment that only corrects clerical errors under Rule 36 does not constitute a "new judgment." *Marmolejos v. United States*, 789 F.3d 66 (2d Cir. 2015).

For the purposes of Section 2255(f)(1), the triggering event is the sentencing judgment, not the subsequent amended judgment ordering restitution. *Manrique*, 137 S. Ct. at 1272; *Dyab*, 855 F.3d at 923-24. Lee's challenge pertains to his sentence, not his restitution obligation. The sentencing judgment became final on February 2, 2022, making it the relevant judgment in question for the application of Section 2255(f)(1). *See e.g.,*

*United States v. Mustafa*, No. 14-cr-261(2) (JRT/BRT), 2020 WL 435509, at *2 (D. Minn. Jan. 28, 2020).

As Lee directs his attack towards his sentence, there is no reason to consider the separate amended judgment imposing restitution as the triggering date for challenging Lee's sentence, instead of the judgment that imposed the sentence. *See also United States v. Gilbert*, 807 F.3d 1197, 1199–200 (9th Cir. 2015) (holding that the sentencing judgment serves as the triggering event); *United States v. Bourgeois*, No. 10-cr-025 JRT/JJG, 2013 WL 1953312, at *3 (D. Minn. May 10, 2013) (holding that an amendment to a judgment that addresses restitution does not restart the statute of limitations for a Section 2255 petition).

Lee did not file a direct appeal for either judgment. Other than the deferred restitution order, there were no changes regarding Lee's sentence. Lee's conviction became final on February 2, 2022. Consequently, he had until February 2, 2023, to submit his Section 2255 motion. Because Lee's Section 2255 motion was filed on April 27, 2023, the motion is time-barred and his claim is dismissed.

When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons addressed above, the Court concludes that Lee has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability shall issue.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Montez Terriel Lee, Jr.'s motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, (Dkt. 97), is **DENIED**.

2. Plaintiff United States of America's motion to dismiss Defendant's motion filed pursuant to 28 U.S.C. § 2255, (Dkt. 100), is **GRANTED**.

3. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 11, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge