UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-168 (JWB/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT [ECF NO. 104]** |
| v. | |
| MONTEZ TERRIEL LEE, JR., | |
| Defendant. | |

The defendant has moved under Federal Rule of Civil Procedure 59(e) asking this Court to vacate its October 11, 2023, Order granting the government's motion to dismiss his § 2255 motion. ECF No. 104. Lee alleges clear legal error for failing to address his argument that he was unable to file his § 2255 motion until his ability to communicate with counsel from BOP custody resumed on or about February 28, 2023, thereby extending the filing deadline under § 2255(f)(2) to February 28, 2024. *Id.* at 1, 3.

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (omitting internal quotation marks and additional citation). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

We do not have any manifest error of law or fact here. To the extent Lee argues that the Court failed to specifically address is his issue, the Court noted in the October 11, 2023, Order that Lee alternatively argues "his motion is timely under the one-year deadline in § 2255(f)(2) because the United States of America prevented him from filing earlier. In support of this argument, he contends that the understaffing and lack of response from prison officials at FCI Ray Brook from August 2022 until February 2023 deprived him of his right to communicate with counsel to prepare his motion." ECF No. 103 at 4. The Court rejected his argument, finding that the correct triggering event was under § 2255(f)(1), when his sentencing judgment became final on February 2, 2022. *Id.* at 4-6.

Thus, the Court already addressed Lee's alleged error. Even then, the Eighth Circuit has routinely stated that district courts are presumed to consider arguments presented to them, whether or not the court specifically responds. *See, e.g., United States v. Roberson,* 517 F.3d 990, 995 (8th Cir. 2008) (sentencing context).

Furthermore, a defendant has no right to the assistance of counsel in preparing a § 2255 motion. *See Coleman v. Thompson,* 501 U.S. 722, 756–57, 111 S. Ct. 2546 (1991). "[I]n the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted" because it does not prevent a litigant from filing a petition on time.

*Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000). As a result, the inability to retain counsel cannot be the basis for equitable tolling.

Limited access to a law library or legal documents are also insufficient circumstances to justify equitable tolling. *Baker v. Norris,* 321 F.3d 769, 771 (8th Cir. 2003); *see also Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999) (noting that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"); *United States v. Sanchez-Garcia,* No. 8:03CR505, 2009 WL 297003, at *2 (D. Neb. Feb. 5, 2009) (holding that lockdowns, security transfers, and lost legal papers "parallel the common obstacles most petitioners face in filing their § 2255 [m]otions" and therefore do not constitute "extraordinary circumstances"). Accordingly, nothing in Lee's filings demonstrates he faced extraordinary circumstances that prevented him from timely filing his § 2255 motion.

What the records make clear is that the Court thoroughly considered Lee's § 2255 claims in his motion (ECF No. 97) and subsequent filings in ECF Nos. 101, 102, but was unpersuaded by Lee's arguments. Lee's ineffective assistance of counsel claims are all from sentencing in January 2022. ECF No. 97 at ¶¶ 27-31; ECF No. 101 at 1-4; ECF No. 102 at ¶ 2a-d. These claims could have been timely raised in his § 2255 motion by February 2, 2023.

## **Conclusion**

For the forgoing reasons, Lee's Motion to Amend or Alter Judgment should be denied.

Dated:  December 22, 2023             Respectfully submitted,

ANDREW M. LUGER
United States Attorney


s/ William C. Mattessich

By: WILLIAM C. MATTESSICH
Assistant U.S. Attorney